ACCEPTED
11-17-00090-CR
ELEVENTH COURT OF APPEALS
EASTLAND, TEXAS
6/14/2017 10:16:55 AM
SHERRY WILLIAMSON
CLERK

# IN THE COURT OF APPEALS
## ELEVENTH JUDICIAL DISTRICT
### EASTLAND, TEXAS

FILED IN
11th COURT OF APPEALS
EASTLAND, TEXAS

06/14/17 10:16:55 AM

SHERRY WILLIAMSON
Clerk

ROBERT ALLAN JORGENSEN,
APPELLANT

V.

NO. 11-17-00090-CR
(TRIAL COURT NO. 1237)

STATE OF TEXAS,
APPELLEE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

APPEALED FROM THE 39TH DISTRICT COURT

OF

THROCKMORTON COUNTY, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JUDGE JERRY SHANE HADAWAY, PRESIDING

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**APPELLANT'S BRIEF**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STAN BROWN
P.O. BOX 3122
ABILENE, TEXAS 79604
325-677-1851
FAX 325-677-3107
STATE BAR NO. 03145000
EMAIL: mstrb@aol.com

ATTORNEY FOR APPELLANT

APPELLANT REQUESTS ORAL ARGUMENT

ROBERT ALLAN JORGENSEN,
               APPELLANT

V.

                           NO. 11-17-00090-CR
                           (TRIAL COURT NO. 1237)

     STATE OF TEXAS,
               APPELLEE


IN THE COURT OF APPEALS
ELEVENTH JUDICIAL DISTRICT
EASTLAND, TEXAS


APPEALED FROM THE 39TH DISTRICT COURT
OF
THROCKMORTON COUNTY, TEXAS


**IDENTITY OF PARTIES AND COUNSEL**


The following is a complete list of the names and addresses of all parties to the trial court's final judgment, as well as their counsel, if any:

Hon. Shane Hadaway                  Stan Brown
39th District Court                 Appellant's Attorney/ Appeal
Haskell County Courthouse           P.O. Box 3122
Haskell, Texas 79521                Abilene, Texas 79604

Michael Fouts                       Earnest W. Scott
District Attorney                   Appellant's Attorney/Trial
Haskell County Courthouse           342 Chestnut
Haskell, Texas 79521                Abilene, Texas 79602

Robert Allan Jorgensen
1014 S.W. 7th Ave.
Mineral Wells, TX. 76067

# TABLE OF CONTENTS

**SUBJECT**                                                       **PAGE**

Statement of Case......................................................................................1

Statement Regarding Oral Argument…………………………………………….2

Issues Presented........................................................................................2

Statement of Facts....................................................................................3

Summary of the Argument.........................................................................4

## ISSUE NO. 1 (restated)

1.    The trial court abused its discretion by determining Appellant had committed the offense of resisting arrest and revoking his probation. (C.R. 20-21)(II R.R.)(III R.R.).

ARGUMENT AND AUTHORITIES...............................................................6

## ISSUE NO. 2 (restated)

2.    Due Process of Law mandates that proof of violation of any condition of community supervision must be beyond a reasonable doubt rather than a preponderance of the evidence. (C.R. 20-21)(II R.R.)(III R.R.).

ARGUMENT AND AUTHORITIES...............................................................9

Prayer......................................................................................................16

Certificate of Service................................................................................16

Certificate of Compliance…………………………………………………………16

# INDEX OF AUTHORITIES

**CASES**                                                                         **PAGE**

*Anderson v. State*, 707 S.W.2d 267 (Tex. App.-Houston [1ˢᵗ Dist.] 1986, no pet.)……………………………………………………………………………….8

*Bradley v. State*, 608 S.W.2d 652 (Tex. Crim. App. 1980)………………...11

*Dobbs v. State*, 434 S.W.3d 166 (Tex. Crim. App. 2014)…………………..6

*Ex Parte Carmona*, 185 S.W.3d 492 (Tex. Crim. App. 2006)…………11-12

*Ex Parte Doan*, 369 S.W.3d 305 (Tex. Crim. App. 2012)…………………11

*Finley v. State*, 484 S.W.3d 926 (Tex. Crim. App. 2016)…………………6-7

*In Re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967)……………9

*In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)…...9-10

*Kelly v. State*, 483 S.W.2d 467 (Tex. Crim. App. 1972)………..10-11, 12-14

*Leos v. State*, 880 S.W.2d 180 (Tex. App.-Corpus Christi 1994, no pet.)…..8

*Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)……………………………………………………………………………10

*Sheehan v. State*, 201 S.W.3d 820 (Tex. App.-Waco 2006, no pet.)………..7

*Young v. State*, 622 S.W.2d 99 (Tex. Crim. App. 1981)…………………..7-8

**CONSTITUTIONAL PROVISIONS, STATUTES & RULES**     **PAGE**

U.S. CONST. AMENDS. V & XIV …………………………………….*passim*

TEX. PEN. CODE ANN §38.03……………………………………………….6

Tex. R. App. P. 9.4 …………............................................................16

ROBERT ALLAN JORGENSEN,
        APPELLANT

V.

                          NO. 11-17-00090-CR

                        (TRIAL COURT NO. 1237)

STATE OF TEXAS,
        APPELLEE

IN THE COURT OF APPEALS
ELEVENTH JUDICIAL DISTRICT
EASTLAND, TEXAS

**APPELLANT'S BRIEF**

**STATEMENT OF THE CASE**

Appellant was originally indicted for third degree felony DWI, and placed on community supervision June 13, 2014. (C.R. at 4, 6). On February 17, 2017, the State filed its Motion to Revoke Community Supervision. (C.R. at 20). Following a hearing of March 29, 2017, the trial court revoked Appellant's probation and assessed a sentence of five years TDCJ-ID (II R.R. at 65)(C.R. at 25). Notice of Appeal was filed April 4, 2017. (C.R. at 29). The Trial Court's Certification of Defendant's Right of Appeal was filed March 29, 2017. (C.R. at 24). Appellant seeks a reversal.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant believes oral argument would be beneficial to the Court. The interrelated issues of whether the evidence was sufficient, even under the preponderance standard, as well as our position Due Process of Law should require proof beyond a reasonable doubt in probation revocation proceedings, strongly suggest Appellant could very well have received a lesser punishment had the trial court recognized the evidence presented regarding the allegation Appellant resisted arrest was insufficient. That being the most serious finding against Appellant in the revocation hearing, it cannot be determined with any degree of certainty the trial court would have assessed the same sentence without that finding. Consequently, we suggest oral argument would aid the Court's decisional process by providing a more in depth exploration of those issues.

## ISSUES PRESENTED

### ISSUE ONE

Did the trial court abuse its discretion by determining Appellant had committed the offense of resisting arrest and revoking his probation? (C.R. 20-21)(II R.R.)(III R.R.).

### ISSUE TWO

Does Due Process of Law mandate that proof of violation of any condition of community supervision must be beyond a reasonable doubt rather than a preponderance of the evidence? (C.R. 20-21) (II R.R.)(III R.R.).

**STATEMENT OF FACTS**

At approximately thirteen minutes and fifteen seconds into the arrest video, the officer for the first time tells Appellant, "You're about to catch another charge…resisting." State's Exhibit No. 1, admitted and played in the trial court at (II R.R. at 27-28)(III R.R.). It can further be seen from the arrest video that within the next minute from that point, Appellant is secured in the back seat of a patrol car, with there having been no further actions on his part that might be interpreted as resisting. As to matters leading up to that, the officer had testified as follows:

> A When I had ran the check through TCIC/NCIC, I observed the driver's license not eligible and he had an active warrant out of Wilson County. I advised my dispatcher to confirm that warrant. I exited my patrol unit and I walked behind Mr. Jorgensen. I advised him to place his hands behind his back. I reached up and grabbed his left wrist, and he turned and he goes, "What's going on? What for?" and attempted to pull away from me.
> Q Okay. And so describe, you know, what – what happened next?
> A I advised him he was under arrest and I attempted to place him in -- in handcuffs. And, again, he began to push and pull away from myself and another officer. At that time, we escorted him to the front of my patrol car and placed him over the hood of my patrol vehicle, advised him to calm down and stop resisting.
> Q Ultimately, were you able to effect an arrest on the defendant?
> A Yes, sir, I was.
> Q Do you have a dash cam video and a body cam video of this incident?
> A Yes, sir, I do. Q Do you have a dash cam video and a body cam video of this incident?
> A Yes, sir, I do. (II R.R. at 25).

The trial court found the State had sufficiently proved allegations one, three, and five. (II R.R. at 63-64).

3

## SUMMARY OF THE ARGUMENT

We urge the evidence was insufficient to support the trial court's determination Appellant violated his probation by committing the offense of resisting arrest. The arrest video simply does not support that. Nowhere in the video is there seen any force used by Appellant against the officer. Furthermore, that being the most serious finding against Appellant in the revocation hearing, it cannot be determined with any degree of certainty the trial court would have assessed the same sentence without that finding. Additionally, it is possible the trial court would have determined to not revoke absent that finding.

In both probation revocation and juvenile delinquency proceedings Due Process of Law has been held to require appointment of an attorney, notice of allegations against a person, a neutral magistrate, an opportunity to be heard, the right of confrontation, and the right against self-incrimination. For almost fifty years, Due Process of Law has also mandated proof beyond a reasonable doubt rather than by a preponderance of the evidence in juvenile delinquency adjudication proceedings. As Due Process of Law applies to probation revocation proceedings every bit as much as it applies to juvenile delinquency proceedings; and as the fiction that a revocation proceeding is an administrative matter, not criminal, has finally been laid to rest; the time has come to recognize Due Process of Law mandates proof beyond a reasonable doubt in probation revocation proceedings.

Although case law generally stands for the proposition proof of one allegation will support a revocation, and allegations of Appellant having committed the offense of Driving with Invalid License in Wilson County and having failed to make written reports to Community Supervision were proven, that case law should be distinguished. It cannot be determined to any degree of certainty had the trial court only considered those allegations, the decision would still have been to revoke and imprison for five years. Due Process and Due Course of Law therefore demand this cause should be reversed and remanded to the trial court for a new determination of the proper disposition based on findings of true only as to those allegations.

## ISSUE NO. 1 (restated)

1.     The trial court abused its discretion by determining Appellant had committed the offense of resisting arrest and revoking his probation.  (C.R. 20-21)(II R.R.)(III R.R.).

## ARGUMENT AND AUTHORITIES

Both the officer's testimony and the dash cam video show there was no evidence Appellant used the requisite degree of force against the officer to amount to resisting arrest.  An attempted "pulling away" from the officer who then successfully placed Appellant under arrest was insufficient to rise to the level of proof of resisting arrest, even by the preponderance standard.

*Dobbs v. State*, 434 S.W.3d 166 (Tex. Crim. App. 2014) held the resisting arrest statute, TEX. PEN. CODE ANN §38.03, requires proof of force directed at or in opposition to the officer:

> It is true that appellant's conduct in displaying the gun in the presence of officers and refusing to put the gun down when ordered to do so could rationally be found to constitute a use of "force" within the meaning of the statute, but without an additional showing that the force was directed at or in opposition to the officers, he cannot reasonably be said to have used force "against" a peace officer. Furthermore, although appellant's refusal to put down the gun when ordered to do so had the likely effect of delaying his arrest, that refusal cannot reasonably be understood as constituting a use of force against the officer by virtue of its being opposed to the officer's goal of making an arrest. Likewise, appellant's efforts to manipulate the situation and intimidate officers for the purpose of delaying his arrest by threatening to shoot himself cannot reasonably be found to constitute a use of force against officers. *Id.* at 173.

At first glance, *Finley v. State*, 484 S.W.3d 926 (Tex. Crim. App. 2016) might appear to limit the *Dobbs* holding by upholding a resisting arrest conviction based on "pulling away from the officers:"

6

Unlike in *Dobbs*, Finley used force against the officers by pulling against the officers' force. In this case, pulling away from the officers satisfies the "in opposition or hostility to" the police officers requirement. In light of *Dobbs* 's broad definition of force, we conclude the evidence presented in this case was sufficient to convict Finley.

…Here, while trying to take Finley into custody, Finley used the requisite force under § 38.03. Officer Connor specifically testified that Finley "clench[ed] up, pull[ed], and tr[ied] to pull his arm away from me. And I—I could not get him fully under control...." Officer Connor further testified that, while he pulled Finley's right arm back, Finley kept pulling his arm forward towards his body—the opposite direction from the officers' efforts. Officer Connor explained that he and Officer Rollins then pinned Finley against a door because Finley actively pulled away and attempted to pull his arms in front of himself.

Based on the record, viewed in light of *Dobbs* 's established definition of force, there is sufficient evidence from which a rational trier of fact could conclude beyond a reasonable doubt that Finley used force or violence against the officers. *Id.* at 928-929 (Footnote omitted).

"In this case, there was no evidence of danger of injury to the officers from Sheehan's passive non-cooperation, and thus there was no evidence that Sheehan used force against the officers. In its brief, the State concedes that the evidence is insufficient to show a use of force." *Sheehan v. State*, 201 S.W.3d 820, 823 (Tex. App.-Waco 2006, no pet.) demonstrates simply failing to fully cooperate with an arresting officer does not rise to the level of resisting arrest. *See also*, *Young v. State*, 622 S.W.2d 99, 100 (Tex. Crim. App. 1981)("The State could have chosen to charge appellant with either of these offenses, or some other offense provable on the facts of record in this case, but instead decided to charge him for and attempt to prove the offense of resisting arrest in his act of "pulling away" from officer Smith. We find

7

that in attempting to do so, the State presented evidence which, taken as a whole, is insufficient to support the conviction.") *Leos v. State*, 880 S.W.2d 180, 184 (Tex. App.-Corpus Christi 1994, no pet.)("The idea of violence directed specifically toward Officer Landrum conflicts with this image of appellant crawling on his shoulders and knees with his hands clasped to his stomach. By attempting to crawl away, appellant invited prosecution for evading arrest."); and *Anderson v. State*, 707 S.W.2d 267, 269 (Tex. App.-Houston [1st Dist.] 1986, no pet.)("The State and appellant agree that the act of shaking off an arresting officer's detaining grip is not resisting arrest").

The prosecution's case fails because based on this evidence, no rational finder of fact could have found by a preponderance of the evidence, much less beyond a reasonable doubt, that Appellant Robert Allan Jorgensen in any way directed force at the officer in an attempt to prevent his arrest. To the contrary, any attempted pulling away from the officer is simply insufficient. For these reasons, the revocation of Appellant's Community Supervision must be reversed and remanded to the trial court.

**ISSUE NO. 2 (restated)**

2.      Due Process of Law mandates that proof of violation of any condition of community supervision must be beyond a reasonable doubt rather than a preponderance of the evidence.  (C.R. 20-21)(II R.R.)(III R.R.).

ARGUMENT AND AUTHORITIES

The time has come to re-visit the outdated notion a revocation of community supervision is merely an administrative hearing in which allegations that can send one to prison must only be proved by a preponderance of the evidence.  In view of the relatively harsh sentence imposed, this case cries out for a re-examination of the quantum of proof constitutionally required to revoke community supervision and imprison.

*In Re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) firmly established that Due Process of Law applies to juvenile proceedings.  *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368, 375 (1970) firmly established the same Due Process of Law mandates that a juvenile cannot be adjudicated a delinquent except upon proof beyond a reasonable doubt rather than by the preponderance of the evidence standard that was in use at the time.  "In sum, the constitutional safeguard of proof beyond a reasonable doubt is as much required during the adjudicatory stage of a delinquency proceeding as are those constitutional safeguards applied in *Gault* -- notice of charges, right to counsel, the rights of confrontation and examination, and the privilege against self-incrimination.  We therefore hold, in agreement with Chief Judge Fuld in dissent in the Court of Appeals, 'that, where a 12-year-old child is charged with an act of stealing which renders him liable to

9

confinement for as long as six years, then, as a matter of due process . . . the case against him must be proved beyond a reasonable doubt.' "  Id. at 25 L.Ed.2d at 377-378.

Soon thereafter, *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) held Due Process of Law applies to parole revocations, and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) applied Due Process of Law to probation revocations, as well.  In the midst of that constitutionally enlightened period, along came *Kelly v. State*, 483 S.W.2d 467, 469-470 (Tex. Crim. App. 1972) which held the preponderance of the evidence standard of proof was not constitutionally prohibited in probation revocation proceedings. Presiding Judge Onion's dissent merits an in-depth examination:

> The necessity of the application of due process and equal protection to revocation proceedings was recognized by this court in Campbell v. State, 456 S.W.2d 918 (Tex.Cr.App.1970), where it was also stated:

>> 'It would indeed now be difficult to conclude that probation revocation hearings are not criminal proceedings 'where substantial rights of an accused may be affected.'  Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336. The revocation proceedings cannot be isolated from the context of the criminal process. See Crawford v. State, Tex.Cr.App., 435 S.W.2d 148.'   456 S.W.2d at 921—922.

>> See also McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968).

And only recently in Fariss v. Tipps, 463 S.W.2d 176 (Tex.1971), which involved an application for writ of mandamus, the Texas Supreme Court held that a proceeding to revoke probation is a 'criminal prosecution' within the state constitution and a probationer was entitled to a speedy trial and further that the speedy trial provision of the Sixth Amendment of the United States Constitution was a due process requirement applicable to state revocation proceedings through the Fourteenth Amendment. See Article 24, Vernon's Ann.P.C.

Certainly it has been recognized that a revocation proceeding is a critical stage of the criminal process where counsel must be appointed if the probationer is indigent, without counsel and has not been warned of the same. Id. at 474. *Cf.*, *Dansby v. State*, ____S.W.3d ____, NO. PD-0613-12 (Tex. Crim. App. May 8, 2012)

Presiding Judge Onion was certainly ahead of his time in recognizing a probation revocation proceeding is not a mere administrative proceeding. And that legal fiction was finally put to rest for good some five years ago in *Ex Parte Doan*, 369 S.W.3d 305, 308 (Tex. Crim. App. 2012), "our characterization of a judicial proceeding as an administrative proceeding is, on its face inaccurate…we have used the 'administrative' label to imply that we would not strictly enforce procedural rules at revocation hearings, which was an injudicious and inaccurate implication." The fiction of *Bradley v. State*, 608 S.W.2d 652, 656 (Tex. Crim. App. 1980) that a probation revocation is not a criminal prosecution is now officially abandoned. *See also*, *Ex Parte Carmona*, 185 S.W.3d 492, 495 (Tex. Crim. App. 2006):

To meet the requirements of due process, the final revocation of probation must be preceded by a hearing, where the probationer is entitled to written notice of the claimed

11

violations of his probation, disclosure of the evidence against him, an opportunity to be heard in person and to present witnesses and documentary evidence, a neutral hearing body, and a written statement by the fact finder as to the evidence relied on and the reasons for revoking probation. As we said in *Ex parte Hale,* "the Constitution of our country has been interpreted to protect persons who are released [on community supervision], from reincarceration without due process of law." FN10

> FN10. 117 S.W.3d 866, 871 (Tex.Crim.App.2003) (*citing Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (parole revocation) and *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) ( probation revocation)).

Accordingly, due process requires that reincarceration occur only after the disclosure of evidence against the defendant. Within this right to disclosure of evidence afforded by due process, we can infer the requirement that revocation may not occur when it is based solely on perjured testimony. Because habeas review is appropriate for denials of fundamental or constitutional rights, the applicant's claim that his community supervision was revoked solely on perjured evidence, and therefore without due process of law, is cognizable under the habeas jurisdiction of this court. (Some footnotes omitted).

Presiding Judge Onion concluded his insightful Dissenting Opinion in

*Kelly* as follows:

> The appellant urges that the holding in Winship compels the application of the reasonable-doubt standard to revocation of probation cases. It, at least, logically follows. To hold that adult probations are to be denied due process under the correctional rhetoric of In-loco parentis or for other reasons while juveniles are receiving due process would be, in my opinion, an arbitrary distinction and would raise serious equal protection issues as well as due process considerations.[FN7]

12

FN7. In Winship, the Supreme Court said: 'The same considerations that demand extreme caution in factfinding to protect the innocent adult apply as well to the innocent child.' 397 U.S. at 365, 90 S.Ct. at 1073. Cf. Note, 1971 Wis.L.Rev. 648, 654—55.

When all the legal niceties are laid aside, a proceeding to revoke probation involves the right of an individual to continue at liberty or to be imprisoned. It involves the possibility of a deprivation of liberty just as much as original criminal action or juvenile delinquency proceeding. The factfinding process is just as adverse as in other proceedings where the accused is afforded due process rights including the reasonable-doubt standard.

In Note, 1971 Wis.L.Rev. 648, 657, it is written:

'. . . At numerous other steps in the criminal procedure where liberty is threatened, the Constitution has been construed to guarantee due process. This is always the case at the original trial. Revocation of probation is not merely a reconsideration of the old charges with a new sentence. It is the imposing of an old sentence due to new allegations. The chance that these new allegations may be wrong is just as great as the chance that the original charges were wrong. The chance for error or arbitrary justice is no less great the second time and 'liberty' no less valuable.'

It has been held in this state that the result of a hearing to revoke probation is not a 'conviction' but a finding upon which the trial court might exercise its discretion by revoking or continuing probation. And as noted earlier, this court has frequently said that revocation hearings are not trials in the constitutional sense.

13

This same type of reasoning was advanced in Winship in support of the claim that there had been no deprivation of due process and that the reasonable-doubt standard of proof was not required in juvenile proceedings. It found favor with the New York Court of Appeals but was expressly rejected by the United States Supreme Court who noted that labels and good intentions do not obviate the need for criminal due process safeguards in juvenile courts where the possible loss of liberty is involved.

Certainly the use of the reasonable-doubt standard in Texas revocation of probation proceedings need not necessarily disturb the earlier Texas decisions nor have any real effect on the flexibility or speed of the revocation hearing at which the fact-finding takes place. I venture to say that most trial judges in Texas use the reasonable-doubt standard in revocation proceedings anyway, whether stated in their orders of revocation or not. It is the burden of proof that most criminal trial judges are accustomed to applying. See Article 38.03, supra.

I would hold that the constitutional safeguard of proof beyond a reasonable doubt as a matter of due process and fundamental fairness is required in Texas revocation of probation proceedings along with the right to counsel, speedy trial, etc. (Some footnotes omitted). *Kelly v. State*, *supra*, 483 S.W.2d at 476-477.

Against that constitutional backdrop, we shall examine the allegations of the motion to revoke the trial court found "true." The trial court found the State had sufficiently proved allegations one, three, and five. (II R.R. at 63-64). Allegation One was that Appellant had been convicted in Wilson County of driving with invalid license. Allegation Three was the resisting arrest in Mineral Wells we believe to have been insufficiently proved.

14

Allegation Five involved failures to make written reports in certain months to Throckmorton County Community Supervision. (C.R. at 20-21).

That a person can be sentenced to five years in the penitentiary for driving with an invalid license in Wilson County and having failed to make several written reports to Community Supervision over a three year period, *proved only by a preponderance of the evidence*, should shock the conscience. Due Process of Law absolutely requires more. This Court, we respectfully submit, should reverse and remand for a new hearing in which the State shall be required to prove its allegations against Appellant Robert Allan Jorgensen beyond a reasonable doubt in compliance with the mandate of Due Process of Law.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Appellant prays that the Court reverse and remand this cause to the trial court for a new hearing, or, alternatively, reverse and remand for a new hearing on punishment.

Respectfully submitted,

/s/ Stan Brown
STAN BROWN
P.O. Box 3122
Abilene, Texas 79604
325-677-1851
Fax 325-677-3107
State Bar No. 03145000
Email: mstrb@aol.com

ATTORNEY FOR APPELLANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on this _____ 14th _____ day of June, 2017, a true and correct copy of the above and foregoing Appellant's Brief was emailed to Mr. Michael Fouts, 39th District Attorney, Haskell County Courthouse, Haskell, TX 79521 at da@co.haskell.tx.us.

/s/ Stan Brown
STAN BROWN

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that according to my computer program used to prepare the foregoing document, the word count, in accordance with Tex. R. App. P. 9.4, is _____ 3356 _____ words; and further certify that the brief is in 14-point Times type.

/S/ Stan Brown
STAN BROWN

16